JUSTICE KOONTZ, with whom CHIEF JUSTICE HASSELL and JUSTICE KEENAN join,
dissenting.
I respectfully dissent. At its core, the issue that Michael W. Lenz raises in this habeas corpus case ultimately evolves from our recent consideration of a defendant’s rights in view of the awesome responsibility statutorily entrusted to the jury in a capital murder case to determine whether a defendant shall be sentenced to death or life imprisonment. The jury’s determination is aided by two fundamental and pertinent principles. A death sentence may not be imposed unless the jury finds beyond a reasonable doubt that one or both of the so-called aggravating factors of future dangerousness or vileness have *341 been proven. However, the jury may fix the defendant’s punishment at life imprisonment even when it finds that one or both of these aggravating factors have been proven. Code §§ 19.2-264.2 and 19.2-264.4. In this context, our decision in Atkins v. Commonwealth, 257 Va. 160, 178, 510 S.E.2d 445, 456 (1999), was premised upon the well established rule that “it is materially vital to the defendant in a criminal case that the jury have a proper verdict form” reflecting all of its sentencing options. In my view, the majority either ignores the rationale of Atkins or unduly limits that rationale to the specific facts of that case. Our subsequent decision in Powell v. Commonwealth, 261 Va. 512, 552 S.E.2d 344 (2001), illustrates the point that it is reversible error when the jury is not given complete or adequate verdict forms that comport with the correct statement of the law given to the jury by the trial court in its sentencing instructions regarding the sentencing options available to the jury, regardless of the specific manner in which those forms are incomplete or inadequate. For the reasons that follow, I would vacate Lenz’s death sentence and remand the case to the trial court for a new sentencing hearing.
Beyond question, the jury in Lenz’s case was not given a verdict form that specifically reflected the jury’s option of imposing a life sentence, or a life sentence and a fine of not more than $100,000, even if the jury found that the Commonwealth had proven beyond a reasonable doubt one or both of the aggravating factors necessary for imposing a sentence of death. The trial court was required to provide the jury with a verdict form expressly providing this sentencing option, and we expressly so held in Powell, 261 Va. at 545, 552 S.E.2d at 363.
The Warden in this case misses the mark when arguing essentially that there is no “Atkins error” in the verdict forms given to Lenz’s jury because unlike Atkins the jury in Lenz’s case was given the statutory verdict form provided by Code § 19.2-264.4. That statutory verdict form was also given to the jury in Powell and there we explained:
The issue is not whether the jury was provided with the means to discharge its obligation. If that were the only goal, it could be achieved by providing the jury with a generic verdict form and advising the jury to fill in the particulars of the sentence from the instructions. Rather, the issue is whether the jury is likely to be confused where it is instructed that it may impose a sentence other than death if it finds one or both of the aggra *342 vating factors have been proven beyond a reasonable doubt, but receives verdict forms that do not expressly state that the jury is allowed to fix a sentence of life imprisonment even though one or both aggravating factors are present.
Id. at 545, 552 S.E.2d at 363. We applied the rationale of Atkins in Powell and the specific deficiency in the verdict forms given to the jury in the former case was not material to our analysis in the latter case. Id.
The majority does not dispute that, in the absence of the procedural differences in the two cases, Powell would control the verdict form issue raised by Lenz in this case. In Powell, the inadequacy of the jury verdict forms was an issue raised at trial and preserved for appeal. Id. In Lenz’s case, the very same issue was not raised at trial and preserved for appeal. In Lenz’s direct appeal we raised the issue, sua sponte, and asked the parties to address it in view of our decision in Atkins. We ultimately held, however, that the issue was procedurally defaulted under Rule 5:25 because Lenz had neither raised the issue in the trial court nor assigned error to the verdict forms before this Court. Lenz v. Commonwealth, 261 Va. 451, 472, 544 S.E.2d 299, 311 (2001). The issue is now before this Court on Lenz’s claim that his counsel was ineffective in not preserving the issue of the inadequate jury verdict forms used in his capital murder trial.
Adopting the position asserted by the Warden in Lenz’s habeas corpus case, the majority concludes that Lenz’s counsel was not ineffective because “trial counsel could not have been ineffective for failing to anticipate this Court’s subsequent decision in Powell.” I agree, but counsel did not need to anticipate our decision in Powell. In my view, trial counsel was ineffective in not recognizing after our decision in Atkins, which was rendered one and one half years prior to Lenz’s trial, that it was materially vital to Lenz that the jury be given a proper verdict form reflecting all of its sentencing options. Specifically, any reasonably effective counsel would have recognized after Atkins that a jury form that did not specifically reflect the jury’s option of imposing a life sentence, or a life sentence and a fine of not more than $100,000, even if the jury found that the Commonwealth had proven beyond a reasonable doubt one or both of the aggravating factors necessary for imposing the death sentence, would not comport with the correct statement of law given to the jury by the trial court in its sentencing instructions. In such a case, die jury would be presented “with a confusing situation in which the trial *343 court’s instructions and the form the jury was given to use in discharging its obligations [would be] in conflict.” Atkins, 257 Va. at 179, 510 S.E.2d at 457. Indeed, that was the reason we raised this issue sua sponte in Lenz’s direct appeal. Our concern was the application of the rationale of Atkins, not the specific manner in which the verdict forms were inadequate in that case, and not the decision we would render in Powell.
In short, in view of this Court’s decision in Atkins, Lenz’s counsel was ineffective in failing to object to the inadequate verdict form given to the jury at Lenz’s capital murder trial. That failure precluded Lenz from having his sentence determined by a jury with verdict forms that reflected all of its sentencing options under the law or receiving relief on direct appeal. Lenz obviously was prejudiced by counsel’s failure. Accordingly, I would vacate Lenz’s death sentence and remand the case to the trial court for a new sentencing hearing.*

 Because I would remand the case for a new sentencing hearing based upon the claim of ineffective assistance of counsel with respect to the failure to object to the improper verdict form, I would not reach the other issues addressed by the majority and express no opinion thereon.